STATE OF MAINE                    SUPERIOR COURT
KENNEBEC, SS.                     CIVIL ACTION
                                  DOCKET NO.:

| | |
|---|---|
| ANTHONY FRANCIS, an individual with an address in Orono, County of Penobscot, and State of Maine, )<br><br>Plaintiff, )<br><br>v. )<br><br>KAMAN INDUSTRIAL TECHNOLOGIES, CORPORATION, a foreign corporation with an established place of business, in Oakland, County of Kennebec, and State of Maine, )<br><br>Defendant. ) | **COMPLAINT** |

NOW COMES the Plaintiff, Anthony Francis, ("Plaintiff") by and through its undersigned counsel, and states as follows:

## PARTIES

1. The Plaintiff is an individual with an address in Orono, County of Penobscot, and State of Maine.

2. Defendant, Kaman Industrial Technologies Corporation ("Defendant") is a foreign corporation with an established place of business in Oakland, County of Kennebec and State of Maine.

## STATEMENT OF FACTS

3. Plaintiff was diagnosed with Parkinson's disease in 2016 and while he was working on commission as a car salesman.

4. While working primarily on commission only, Plaintiff was under constant pressure, and after his diagnosis, he sought a position where his compensation would be predominantly fixed to relieve stress associated with working primarily on commission and to help mitigate the effects of his disease.

5. Around August 30, 2018, Plaintiff applied for a position with Defendant.

6. After submitting his application, and around August 31, 2018, Plaintiff was contacted by a Human Resource Representative, Virginia Taylor, from Defendant, who conducted a telephonic interview with Plaintiff.

7. Plaintiff was then contacted by Defendant's "Local Manager," Randall Fess, who held a brief telephonic interview with Plaintiff.

8. Plaintiff was then invited to Defendant's Oakland, Maine location for an in-person interview on September 13, 2018.

9. During the interview, which lasted approximately two-and-one-half hours, Plaintiff was given a tour of the facility and was told by Mr. Fess that he was "pretty confident" he wanted to hire him, and that Plaintiff was a top candidate.

10. On September 15, 2018, Mr. Fess then called and sent an e-mail to Plaintiff to arrange an interview on September 27, 2018, with Defendant's Vice President of Distribution, Pete Stollberger, at Defendant's Oakland, Maine location.

11. At the beginning of the interview with Mr. Stollberger, Plaintiff had the feeling that Mr. Stollberger was staring at his hands, and noticed him looking at his hands.

12. Due to his disease, Plaintiff experiences "tremors" in his hands, which are visible and noticeable.

13. To address Mr. Stollberger's obvious concern, Plaintiff attempted to acknowledge his disease so that the interview could move forward.

14. Plaintiff was open about his disease, and stated "I have Parkinson's and my hand shakes when its close to my medicine time."

15. Mr. Stollberger responded by saying "[h]ow has your disability effected your work?"

16. Mr. Stollberger's follow up question about Plaintiff's disease was unexpected, and made him defensive throughout the remainder of the interview, and caused him to feel like he was inadequate for the position based upon his disease.

17. At the end of the interview, and as he thought he was a top candidate after his conversations with Mr. Fess and others, Plaintiff asked "[w]hat is the next step in the hiring process."

18. Mr. Stollberger responded "to be honest with you I have to take into consideration your longevity and how long you will be able to work with the company with your disability."

19. Plaintiff was floored when he heard this and stated "I can assure you, I intend on working for at least twenty more years."

20. Immediately after the interview, Plaintiff contacted his wife and his father-in-law, and told them what had happened.

21. Subsequently, and on November 19, 2018, Defendant notified Plaintiff that Defendant had selected another applicant for the position.

## COUNT I
## DISCRIMINATION UNDER THE MAINE HUMAN RIGHTS ACT

22. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 21 above as if fully stated in Count I herein.

23. Defendant is an employer pursuant to 5 M.R.S. § 4552(4).

24. Plaintiff is a qualified individual with a disability pursuant to 5 M.R.S. § 4553.

25. Defendant improperly took Plaintiff's disability into consideration, and explicitly stated it was taking Defendant's disability into consideration, when making its hiring decision.

26. Defendant's action violated the Maine Human Rights Act, including, but not limited to, 5 M.R.S. § 4572.

27. Plaintiff filed a complaint with the Maine Human Rights Commission ("MHRC") on or around January of 2019.

28. On July 30, 2019, the MHRC issued Plaintiff a right to sue letter.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendant, and Plaintiff be awarded general and compensatory damages, including

prejudgment interest, in an amount according to proof at trial, that Plaintiff be awarded his reasonable attorney's fees and such other and further relief as the Court deems just and proper.

## COUNT II
## DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

29. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 28 above as if fully stated in Count II herein.

30. Defendant is a "covered entity" pursuant to 42 U.S.C. 12111(2).

31. Plaintiff is a "qualified individual" pursuant to 42 U.S.C. § 12111(8).

32. Plaintiff has a disability pursuant to 42 U.S.C. § 12102.

33. By taking Plaintiff's Parkinson's disease into consideration in its hiring process, Defendant blatantly violated the Americans with Disabilities Act, including, but not limited to, 42 U.S.C. § 12112(a).

34. On August 20, 2019, the Equal Employment Opportunity Commission issued Plaintiff a right to sue letter.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendant, and Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial, that Plaintiff be awarded his reasonable attorney's fees and such other and further relief as the Court deems just and proper.

DATED: August 29, 2019

Stephen C. Smith   Bar No. 8720
John E. Baldacci, Jr.  Bar No. 5773
Attorneys for Plaintiff
LIPMAN & KATZ
PO Box 1051
Augusta, ME 04332-1051
207-622-3711
ssmith@lipmankatz.com
jbaldacci@lipmankatz.com